UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Joel Smith and John Nesse or any successors as Trustees of the Minnesota Laborers Health and Welfare Fund, Joel Smith and Daniel Shoemaker or any successors as Trustees of the Minnesota Laborers Pension Fund, , Joel Smith and Heather Grazzini or any successors as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler or any successors as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dave Borst and Mark Ryan or any successors, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, or any successors, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

     Plaintiffs,

vs.

USAFRIK, Inc.,

     Defendant.

_____

Case No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.    Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the

1

Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant USAFRIK, Inc. is a Minnesota business corporation with a registered address 400 Oliver Avenue North, Minneapolis, Minnesota 55405. Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Since at least May 31, 2019, Defendant has been bound to the terms of a collective bargaining agreement negotiated between the Highway, Railroad and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Unions ("CBA"), with a term of May 1, 2017 through April 30, 2020 which is incorporated herein by reference.

8. Defendant is bound to the CBA through at least April 30, 2021.

9. The CBA provides that Defendant is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust. Each of these Trust Agreements are incorporated herein by reference.

10. The CBA requires Defendant to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether it is accurately reporting CBA-covered work hours to the Funds including contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date, *i.e.*, the information typically maintained on timecards.

11. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Defendant to maintain and preserve contemporaneously accurate documentation

showing what employees performed what CBA-covered work on what projects for what hours on what given date.

12.     The CBA requires Defendant to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by employees covered by the CBA.

13.     The CBA requires Defendant to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Defendant's monthly payment to the Funds.

14.     The CBA states that Defendant shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

15.     If Defendant fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendant is liable for all of the hours worked by that individual for whom Defendant is unable to produce satisfactory records verifying the type of work being performed by that individual.

16.     The CBA prohibits Defendant from subcontracting any work covered by the CBA to any person, firm, or corporation which is not in a contractual relationship with the Laborers International Union of North America or any its affiliated Local Unions.

17.     The CBA state that if Defendant becomes delinquent, Defendant shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

18. The CBA states that if Defendant becomes delinquent, Defendant shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

19. The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, and disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT CONTRIBUTIONS

20. The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21. Defendant breached the terms of the CBA by failing to timely submit the remittance reports for the period of April through July 2020.

22. Upon information and belief, Defendant employed individuals performing work covered by the CBA after March 31, 2020 and continues to do so.

23. Every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit fringe fund report forms as described above as required by the CBA and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

24. If Defendant fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees.

25. In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

26. Defendant should be enjoined from further refusal and failure to remit reports and contributions.

27. Defendant is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendant is unable to produce satisfactory records verifying the type of work performed by any such individuals.

28. Pursuant to the CBA, Defendant is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in enforcing their rights and collecting the amounts due.

29. Defendant is liable to the Funds for liquidated damages in the amount of ten percent of the unpaid contributions and interest charges on the unpaid contributions due and owing for the period of April through July 2020 and any other month that becomes due and owing during the pendency of this litigation pursuant to the CBA.

## COUNT II
## ERISA DAMAGES

30. The Funds re-allege and incorporate by reference paragraphs 1-29 herein.

31. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

32. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

33. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against USAFRIK, Inc. as follows:

1. For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions accurately and completely identifying all hours worked by its employees for the period of April through July 2020.

2. For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: September 9, 2020

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED

By:   s/ Amy L. Court
    Carl S. Wosmek (Atty. No. 300731)
    Amy L. Court (Atty. No. 319004)
    Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

1262990.DOCX